David M. Comb and Sally H. Comb v. Commissioner.
Comb v. Commissioner
Docket No. 70932.
United States Tax Court
T.C. Memo 1959-85; 1959 Tax Ct. Memo LEXIS 158; 18 T.C.M. (CCH) 400; T.C.M. (RIA) 59085; April 30, 1959
*158 David M. Comb, pro se, 1101 Alameda De Las Plugas, Belmont, Calif. Donald G. Daiker, Esq., and Charles W. Nyquist, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: Respondent determined a deficiency of $2,867.57 in petitioners' income tax for the year 1955, consequent on his holding that certain funds aggregating $18,000, furnished to petitioner by his brother and two other persons to enable him to carry on the business of Thermo Instruments Company, were loans and not investments in the business. The question of the character of the funds furnished to petitioner arises in computing the capital gain on the sale of the business in 1955 for $40,000. If the funds represented investments in the business, they would increase the cost or other basis of the assets when the business was sold. If they were loans, they would not enter into cost or other basis and would thereby increase the capital gain on the sale. Petitioners, residents of Belmont, California, filed their joint return with the district director of internal revenue at Des Moines, Iowa. Petitioner's business, formerly conducted as a partnership with another party, was, during the *159 taxable year, operated by petitioner as an individual proprietorship. Although there had been some thought of converting the business to a corporation, there is no evidence of steps being taken toward this method of operation. In a statement attached to petitioners' tax return for 1955, petitioners described the business as a sole proprietorship and characterized the funds in question as advances or loans. In the Petition filed in this case the same descriptive terms were used. In a financial statement, prepared at the time the business was sold, the advances in question are described as notes given to cover the sums in question. During the year 1951 interest in the amount of $630 was paid on the accounts. Petitioner's testimony at the trial, normally calculated to disprove respondent's determination, in practical effect strengthens respondent's case. We have given the testimony careful scrutiny but are forced to the conclusion that on the record made it must be held that petitioners have not proved respondent's determination to be in error. Decision will be entered for the respondent.